**Kenneth M. RASCH, d/b/a Rasch Construction Company, Appellee,**

v.

**CITY OF BLOOMFIELD, Iowa, Appellant.**

**No. 53696.**

Supreme Court of Iowa.

Feb. 10, 1970.

Rehearing Denied March 9, 1970.

D. W. Harris, Bloomfield, for appellant.

McCarville, Bennett & Ferguson, Fort Dodge, for appellee.

STUART, Justice.

This action at law for damages founded on contract is before us for the second time. In the first opinion appearing at 153 N.W.2d 718, 724, we remanded the cause for a determination of the issue as to whether defendant prevented plaintiff from removing the clay used as a foundation for haulroads from the silting basin. We quoted from Brown v. Needles (1919), 186 Iowa 878, 884, 170 N.W. 804, 806.

The trial court, sitting as trier of the facts, found defendant had prevented plaintiff from removing such clay from the silting basin and awarded damages of $4620

for 2800 yards of clay at the contract rate of $1.65 per yard. No question is raised as to the amount or measure of damages.

Defendant has appealed claiming there is not sufficient competent evidence in the record to support the trial court's findings. It recognizes that the findings of fact in a law case tried to the court are binding on us if they are supported by substantial evidence. R.C.P. 344f(1). In making this determination we construe the evidence in the light most favorable to the trial court's judgment and do not weigh the evidence or pass on the credibility of the witnesses. Cronk v. Iowa Power & Light Company (1965), 258 Iowa 603, 606, 138 N.W.2d 843, 845.

I. The trial court's findings are based in part upon the acts and testimony of Lynn Sickles, Engineer for the City of Bloomfield. Defendant claims Mr. Sickles was only an inspector on the job and the city was therefore not bound by his actions or statements. We must first determine whether there is substantial evidence to support the finding that Mr. Sickles served as supervising and directing engineer under this contract. If so, the contract authorized him to act for and on behalf of the city on the matter in contention.

We believe there was evidence to support such finding. Mr. Sickles testified: "I was the City Engineer in charge of the project of desiltation of Lake Fisher, and in said capacity, I supervised the project."

His activities in connection with the contract support this assertion. He met with Mr. Rasch and furnished him information regarding the contract. He ran and prepared cross sections of the elevations to determine how much silt had been removed. He prepared the estimates of the amount due the contractor, including the final estimate when the work was completed and recommended them to the city council. He corresponded with the contractor. In one letter he denied the contractor's claim for the additional amount now in question. He also informed the contractor by letter of the work which remained to be done under the terms of the contract. All of these things are duties of the engineer rather than an inspector whose duties are specifically set out in Item 15 of the General Specifications of the contract.

There was evidence from which the trial court could find that Sickles was acting as supervising engineer and had authority to prevent plaintiff from removing the clay roads. Defendant's cases on implied authority are not applicable because the contract gave this authority to the engineer. The council did not have to act further.

II. We also believe Mr. Sickles' testimony and that of other witnesses as to his statements and actions furnish substantial evidence to support the trial court's finding that defendant acting through Mr. Sickles prevented plaintiff from removing the clay roads hauled into the bottom of the silting basin.

Mr. Sickles testified: "Mr. Rasch and I have had some dispute about whether he should have credit for the silt he removed from the bottom of the lake where he replaced it with clay. I have no idea whether Mr. Rasch intended to remove the clay from the bottom of the lake which he had put there for road purposes. If they had intended to remove the clay and intended to accomplish this at the time we asked that they stop the work, I would have to say that they were refused permission to remove the clay. I might point out that after 10,000 yards had been removed this job could be stopped at the city's discretion at any time. On the day that we asked Mr. Rasch to stop, he stopped. There would be no reason to let the contractor go ahead and excavate more when he was supposed to stop."

Later in the trial Mr. Sickles explained what he meant by this testimony.

Such explanation is not binding on the trier of fact. He does not have to accept such explanation.

Plaintiff's operating manager testified: "We had said when we built these haul-roads that we wanted to remove the clay and that it would displace or take the place of silt that had been hauled out, which had been removed and had been told at that time that this was all right. Most of this dirt was from the north side of the road in an area away from the lake designated by Mr. Sickles and the question of removal of clay came up and we assumed we would be allowed but was refused by Mr. Sickles."

Plaintiff's foreman testified: "I talked with Mr. Sickles about the clay that had been left in the lake bottom which we had used for roads. I do not recall the exact date this conversation took place, but it was toward the end of the desilting. I remember Mr. Sickles said he didn't want to take it out. I can't recall exactly what Mr. Sickles said. Mr. Sickles only told me once. He said it was all right to take the clay and put it in there, but he didn't want us to take it out."

Mr. Rasch testified: "Q. Were you then and there prepared to remove the clay that you had placed for road work in the lake bottom for road purposes? A. Yes.

"Q. And it was your purpose and intention to remove it? A. Yes, we intended to."

The fact there was also evidence from which the court could have found defendants did not prevent plaintiff from removing the clay does not affect the sufficiency of the evidence to support the trial court's decision.

The trial court is affirmed.

Affirmed.

All Justices concur, except REES, J., who takes no part.